UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 6, 2016

LETTER TO COUNSEL

RE:   *James R. Norris v. Commissioner, Social Security Administration*;
      Civil No. SAG-16-11

Dear Counsel:

On January 4, 2016, Plaintiff James R. Norris petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, as well as Mr. Norris's reply. (ECF Nos. 14, 19, 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Mr. Norris filed a claim for Disability Insurance Benefits ("DIB") on October 2, 2007. (Tr. 126-28). He alleged a disability onset date of October 27, 2006. *Id.* His claim was denied initially and on reconsideration. (Tr. 89-91, 94-95). A hearing was held on January 21, 2010, before an Administrative Law Judge ("ALJ"). (Tr. 65-84). Following the hearing, the ALJ determined that Mr. Norris was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 50-64). The Appeals Council ("AC") denied Mr. Norris's request for review. (Tr. 43-48). Subsequently, however, this Court remanded the case for further evaluation. (Tr. 415-19). A second hearing was held before an ALJ on September 17, 2015. (Tr. 345-77). After that hearing, on October 16, 2015, the ALJ again denied benefits. (Tr. 319-42). This time, Mr. Norris did not file exceptions with the AC, (Tr. 447-52), meaning that the ALJ's 2015 decision is the final, reviewable decision of the Agency.

The ALJ found that Mr. Norris suffered from the severe impairments of "degenerative disk disease of the lumbar spine; arthritis, cervical spine; coronary artery disease (post myocardial infarction); and obesity." (Tr. 324). Despite these impairments, the ALJ determined that Mr. Norris retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: standing and walking for two hours per workday; occasional stairs and ramps; no ladders, ropes or scaffolds; frequent balancing; and occasional stooping, kneeling, crouching and crawling.

*James R. Norris v. Commissioner, Social Security Administration*
Civil No. SAG-16-11
December 6, 2016
Page 2

(Tr. 326). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Norris could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 341-42).

Mr. Norris's sole argument on appeal is that the ALJ assigned inadequate weight to the opinions of the treating physicians, Drs. Wagoner and Amir. Pl. Mot. 4-17; Pl. Rep. 1-8. I disagree. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Mr. Norris's assertion, the ALJ properly evaluated the opinions of Drs. Wagoner and Amir. Beginning with the former, Dr. Wagoner diagnosed Mr. Norris with "severe back pain [secondary] to herniated disc." (Tr. 763). Dr. Wagoner opined that Mr. Norris "could stand/walk less than one hour in an eight-hour workday," "sit only one hour in an eight-hour workday," and "repeatedly lift only 0-5 pounds." (Tr. 338, 763). Additionally, Dr. Wagoner opined that Mr. Norris "would often require additional breaks during a work day," and would "experience[] approximately 30 bad days per month during which [his] symptoms are increased and [he] would not be able to complete an 8 hour work shift." (Tr. 764). Moreover, Dr. Wagoner opined that Mr. Norris "has gotten worse over time," "lies on the floor or flat in bed 16-20 hours per day," and "shows pain with any [range of motion] of [the] low back." (Tr. 304). Ultimately, the ALJ assigned "little weight" to Dr. Wagoner's opinions. (Tr. 340).

The ALJ assigned Dr. Wagoner's opinions "little weight" because they were inconsistent with the medical evidence and unsupported by the objective record. *Id*. Most significantly, the ALJ found Dr. Wagoner's opinions "unsupported by the record physical findings as a whole." *Id*. Specifically, the ALJ noted that Dr. Wagoner's findings were "inconsistent with many notations by specialists showing generally no or few physical findings of a spinal disorder." *Id*. Indeed, "[Mr. Norris's] treatment record does not support his allegations regarding the severity of his limitations. (Tr. 339). For example, the ALJ cited "[t]he initial and reconsideration Physical [RFC] [e]valuations by the State DDS," and "noted the non-supportive physical findings in regard to [Mr. Norris's] spinal disorders." (Tr. 340) (citing (Tr. 257-64, 294-301)). The ALJ also cited the State medical consultants's determination that "[Mr. Norris] could stand or walk at least two hours in an eight-hour workday and sit about six hours in an eight-hour

*James R. Norris v. Commissioner, Social Security Administration*
Civil No. SAG-16-11
December 6, 2016
Page 3

workday." (Tr. 338); *see* (Tr. 339). Moreover, substantial evidence in the record further belies Dr. Wagoner's opinions, including "normal" findings on several physical examinations, (Tr. 331, 337, 338, 340), a cervical MRI showing "no significant disk herniation," (Tr. 339), and a relative absence of "lumbar stenosis or nerve root compression," *id*. These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord only "little weight" to Dr. Wagoner's opinion.

      The ALJ also properly evaluated Dr. Amir's opinion. Most significantly, Dr. Amir diagnosed Mr. Norris with lumbar spondylosis, lumbar disc herniation, and lumbar facet disease.[1] (Tr. 618-31). Dr. Amir opined that Mr. Norris "was totally disabled," and "was unable to perform even simple things around his house due to the severity of his pain." (Tr. 336). Additionally, Dr. Amir opined that Mr. Norris "could not tolerate any kind of activity as he had difficulty sitting in one position or standing or walking for significant time." (Tr. 336, 618-31). Moreover, Dr. Amir opined that Mr. Norris "had some MRI findings with disc bulging," (Tr. 336), and "markedly limited" flexion, extension and lateral rotation of the back, (Tr. 626), but "had significant pain out of proportion to those findings," (Tr. 336). Ultimately, the ALJ assigned "little weight" to Dr. Amir's opinion. (Tr. 340).

      The ALJ assigned "little weight" to Dr. Amir's opinions because they were inconsistent with the medical evidence and unsupported by the objective record. (Tr. 340). Most significantly, the ALJ found that Dr. Amir's "notations of an inability to compete (sic) daily activities and having little if any exertional and nonexertional abilities are not supported by the doctor's own treatment records or objective examinations." *Id.* Instead, the ALJ noted that Dr. Amir's "opinions appear to give too much credit to [Mr. Norris's] assertions instead of being based on [his] treatment history and findings on examination." (Tr. 340). For example, Dr. Amir's own treatment records reflect "normal" physical findings on several examinations, (Tr. 334, 337, 338, 340), "normal" strength in the upper and lower extremities, (Tr. 337, 338, 340), and an absence of "focal body weakness or numbness," (Tr. 340). Those findings, as noted above, are also corroborated by the findings of the State medical consultants. (Tr. 340) (citing (Tr. 257-64, 294-301)). Moreover, Mr. Norris's admitted daily activities, including his ability to "see to his own personal care," "drive[] with some regularity," "go[] out alone," and "[ride] a lawnmower," further contradict Dr. Amir's conclusions. (Tr. 339). Accordingly, the ALJ properly evaluated Dr. Amir's opinion and supported her conclusion with substantial evidence. Remand on this basis is therefore unwarranted.

      Mr. Norris also contends that the ALJ failed to consider the factors outlined in 20 C.F.R. § 404.1527(c)(1)-(6) when assigning weight to the opinions of Drs. Wagoner and Amir. The regulations require an ALJ to assess several factors when determining what weight to assign to the medical opinions presented. 20 CFR §§ 404.1527(d), 416.927(d). These factors include: the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the specialization of the physician; the consistency of a medical opinion with the record as a whole; and the extent to which a medical opinion is

---

[1] I note that Dr. Amir also diagnosed Mr. Norris with coronary artery disease, low back pain with spondylosis, and chronic back pain. (Tr. 618-31).

supported by evidence. 20 CFR §§ 404.1527(d)(1)-(5), 416.927(d)(1)-(5). Upon review of the record, I find that the ALJ cited each factor required under the regulations. Regarding Dr. Wagoner, the ALJ noted that Dr. Wagoner was Mr. Norris's primary physician and has examined Mr. Norris since 2006. (Tr. 275-85, 304, 306-11, 340, 635-96, 699-764). The ALJ also adduced Dr. Wagoner's opinions, and cited his Physical Capacity Evaluation, which contains Dr. Wagoner's original notes and diagnoses. (Tr. 340, 763-64). Regarding Dr. Amir, the ALJ noted that Dr. Amir had treated Mr. Norris since 2007. (Tr. 340, 618-31). The ALJ also summarized Dr. Amir's opinions, and cited his treatment records, which contain Dr. Amir's original notes and diagnoses, and denote his specialization as a neurologist. *Id.* The ALJ then found, as noted above, that the opinions of Drs. Wagoner and Amir were unsupported by the objective evidence. (Tr. 340). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Norris's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly applied the regulations in assigning weight to the opinions of Drs. Wagoner and Amir, and that her findings are supported by substantial evidence.

For the reasons set forth herein, Mr. Norris's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

> Sincerely yours,
>
> /s/
>
> Stephanie A. Gallagher
> United States Magistrate Judge